# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DIANNE C. FAZIO,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0439** (BOR Appeal No. 2052379)
(Claim No. 2018002215)

**CENTRAL PRINTING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dianne C. Fazio, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Central Printing Company, by Lindsay S. Brennan, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim for carpal tunnel syndrome on September 14, 2017. The Office of Judges affirmed the decision in its December 18, 2017, Order. The Order was affirmed by the Board of Review on April 20, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fazio, a bindery supervisor, alleges that she developed carpal tunnel syndrome in the course of and resulting from her employment. Ms. Fazio began treating with Melissa Chapman, M.D., for various conditions in 2008. She was diagnosed with hypothyroidism, high cholesterol, and elevated body mass index. On November 9, 2012, Ms. Fazio reported numbness in her hands and that her hands get tingly after overuse. She had been wearing braces at night for a few years. On October 7, 2015, Dr. Chapman noted that Ms. Fazio had been experiencing hand numbness and using braces since she was eighteen. Finally, on May 9, 2017, she reported hand weakness and numbness in her first three fingers.

1

An EMG was performed on July 12, 2017, and evaluated by Barry Vaught, M.D. Dr. Vaught found evidence of carpal tunnel syndrome. There was no evidence of radiculopathy from the cervical spine. On July 26, 2017, John Tabit, M.D., noted that Ms. Fazio presented for evaluation of bilateral hand pain. She stated that she had numbness, tingling, weak grip, and that it was affecting her ability to work. Dr. Tabit found that her EMG was consistent with bilateral carpal tunnel syndrome. He diagnosed carpal tunnel syndrome and recommended surgery.

In the employee's and physician's report of injury, completed August 7, 2017, Ms. Fazio alleged that she developed carpal tunnel syndrome as a result of her work duties. Dr. Tabit signed the physician's portion and diagnosed bilateral carpal tunnel syndrome as a result of an occupational disease. An undated letter was submitted from Central Printing, signed by the president of the company, Rick Fazio, Ms. Fazio's husband. The letter indicates Ms. Fazio has been working for the employer since May of 2000. The letter stated that "[w]e believe that her carpal tunnel is due to the work that she does here". He stated that he feels as if Ms. Fazio needs the requested surgery and requested that it be authorized. The claims administrator rejected the claim on September 14, 2017.

On November 15, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he noted Ms. Fazio's occupational duties as the following: folding paper to make books, assembling the papers to make a book, cutting the edges using a machine, and dealing with pads to cut and glue the pages. Dr. Mukkamala diagnosed bilateral carpal tunnel syndrome. He opined that the condition is not related to Ms. Fazio's work duties because they are not of sufficient degree of force or repetition necessary to cause carpal tunnel syndrome. Dr. Mukkamala found that Ms. Fazio has hypothyroidism and obesity, both of which are known risk factors for developing carpal tunnel syndrome. Dr. Mukkamala also noted that Dr. Chapman stated in an October 7, 2015, treatment noted that Ms. Fazio had been experiencing hand numbness and using braces since she was eighteen, prior to her working for the employer.

Ms. Fazio testified in a hearing before the Office of Judges on November 21, 2017, that she has worked for the employer for twenty-three years in the same position. She stated that her job entails setting machines up for jobs, cutting paper, and folding paper. She works eight hours a day, five days a week. Ms. Fazio alleged that repetitive hand motions and lifting paper weighing between twenty and twenty-five pounds caused her carpal tunnel syndrome. The symptoms began a few years prior. She denied any prior injuries to her hands. Ms. Fazio testified that she has had hypothyroidism for eighteen years. She denied any hobbies involving her hands. Ms. Fazio stated that the president of the company, Rick Fazio, is her husband. She also stated that she told Dr. Chapman that she had been wearing braces for the past two to three years, but denied telling her that she had worn then since she was eighteen. On cross examination, Ms. Fazio asserted that she did not believe she wore braces prior to working for the employer. She also denied telling Dr. Chapman that she had experienced hand numbness for years. Ms. Fazio stated that her hands had hurt off and on for approximately four years. She also stated that she probably wore braces off and on since she was eighteen, but nothing constant. Ms. Fazio testified that prior to working for the employer, she worked in a cabinet factory sanding cabinets but had no pain while working there.

2

The Office of Judges affirmed the claims administrator's rejection of the claim in its December 18, 2017, Order. After a review of the evidence, the Office of Judges determined that Ms. Fazio has two conditions noted in West Virginia Code of State Rules § 85-20 (2006) as causing or contributing to carpal tunnel syndrome in the form of hypothyroidism and obesity. The Office of Judges also looked to West Virginia Code of State Rules § 85-20-41.5 (2006) and found that Ms. Fazio's job is not listed in the occupational grounds at high risk for carpal tunnel syndrome. Further, her job duties were not found to entail the highly repetitive forceful movements known to cause carpal tunnel syndrome, nor did her job involve awkward wrist positioning, vibratory tools, significant grip force, or high force of repetitive manual movements. Lastly, the Office of Judges found that Ms. Fazio had been experiencing symptoms of carpal tunnel syndrome since she was eighteen years old, well before she began working for the employer. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 20, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code of State Rules § 85-20 lists occupations at high risk for carpal tunnel syndrome as well as the type of movements likely to cause carpal tunnel syndrome. Ms. Fazio's job is not listed and her job duties do not entail the movements likely to cause carpal tunnel syndrome. Further, she has two conditions known to cause or contribute to carpal tunnel syndrome and she had symptoms well before she began working for the employer.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**  November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

3